IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 AUG 28  A 10: 02

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

RICHARD MARTIN,

Plaintiff,

v.                                             Case No.: GJH-15-2431

MONTGOMERY COUNTY
DEPARTMENT OF POLICE, *et al.*,

Defendants.

## MEMORANDUM OPINION

Richard Martin, a resident of Boston, Massachusetts, filed a personal injury action against the Montgomery County police department and four of its officers, alleging they acted improperly in effecting his arrest and later searching his Baltimore apartment and seizing his computers.[1] ECF No. 1 at 6, 9–14. Martin, who is self-represented, filed this Complaint on August 6, 2015. ECF No. 1. He will be granted leave to proceed in forma pauperis because the financial affidavit accompanying his Complaint indicates that he has no source of income. ECF No. 2.

As a result of Defendants' criminal investigation and a subsequent indictment in the Montgomery County Circuit Court, Martin pleaded guilty to harassment and fourth degree

---

[1] The search and seizure occurred pursuant to a warrant issued following Martin's December 26, 2008 arrest in Montgomery County, Maryland.

burglary, for which he was sentenced to six months of incarceration.[2] While serving his sentence at the Montgomery County Detention Center, Martin claims he was subjected to "a minor assault and some verbal abuse."[3] ECF No. 1 at 7. He blames his conviction and all "offensive contacts that [he] endured" from the time of arrest until release from detention on allegedly improper conduct on the part of the Montgomery County police. He implies that the identified Montgomery County police are therefore responsible for injury arising from tortious conduct stemming from his arrest and conviction, including assault, battery, defamation, false imprisonment, intentional infliction of emotional distress, and negligence. *Id.* at 16. He seeks $10 million in damages and termination of all officers involved. *Id.* at 17-18.

This Complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a court to dismiss any claim that is frivolous or malicious or that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). In this context, this Court is mindful of its obligation to liberally construe the pleadings of pro se litigants, and notes that a plaintiff's allegations are assumed to be true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that a court can ignore a plaintiff's clear failure to allege facts that would set forth a cognizable claim; a pro se complaint "must still contain sufficient facts 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" *Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550

---

[2] Martin notes that he was released after four months of incarceration. His probation ended in 2014. ECF No. 1 at 7–8. The case is not listed on Maryland's electronic docket. Exhibits provided with the Complaint suggest the case of *Maryland v. Richard Martin*, No. 112136, prosecuted in the Circuit Court for Montgomery County, Maryland, arose when a local dentist, Kim Hoa Lam, complained that Martin was stalking her. ECF Nos. 1-14 & 1-15.

[3] Martin makes no claim of civil rights violations against the Montgomery County Police Department or its personnel.

2

U.S. 544, 555, 570 (2007)). This Court is therefore obligated to consider both the tort claims outlined in the Complaint, as well as examine whether the Complaint is sufficient to state a civil rights violation under 42 U.S.C. § 1983.

Liberal construction of Martin's Complaint does not save it from early dismissal under either theory of liability, as it is time-barred. Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101. At the latest, Martin's claims against Baltimore City police officers would have accrued by the time of sentencing, which occurred on August 3, 2009. ECF No. 1 at 2. Martin's request for equitable tolling based upon his inability to find an attorney to represent him in a civil action is unavailing.[4] ECF No. 1 at 2. Because Martin did not file the instant lawsuit before the limitations period expired, it is time-barred and cannot proceed.

Title 28 U.S.C. § 1915(e)(2) obligates federal courts to dismiss cases at *any time* if the action is legally frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. For the reasons stated, this case is subject to dismissal. Martin's request to file electronic pleadings (ECF No. 3) shall be denied as moot. A separate Order follows.

Dated: August 28, 2015

_____
GEORGE J. HAZEL
United States District Judge

---

[4] Martin states that he filed some sort of an initial complaint against the Police Department four months after his probation ended in December of 2014 because he was "afraid" of what the police might do if he took action against them. ECF No. 1 at 2. This statement does not explain why he failed to file a tort action in federal court within the three-year limitations period.